This is a case of interpretation of a divorce decree.
The parties herein were divorced in March 1978 and the plaintiff (the mother herein) was awarded custody of the two minor children, Candice (18) and Paul (14). Child support was set at $300 per month until June 1, 1982, at which time the amount would be reduced to $150 per month until June 1, 1986. Payment of child support from June 1982 to June 1986 would continue unless Paul "shall have quit school or taken full-time employment." The final divorce decree did not provide for a reduction upon one of the children attaining majority or marrying.
Full payment of child support continued through December 1, 1979, after which time the father unilaterally reduced payments to $150 per month. Payment of the $150 per month continued until approximately April 1982, when all payment ceased. The mother petitioned the court for a rule nisi for the father's failure to make proper support payments. The court found the father in arrears in the amount of $6,000 through February 1, 1982. It also held that the father was obligated to continue paying $150 per month for the support of the son until Paul either quit school or assumed full-time employment. The father's motion to amend the judgment was denied. He appealed.
The father raises two issues: (1) that he was authorized to reduce child support payments from $300 to $150 upon the marriage of his daughter, and (2) that he was authorized to terminate child support payments pursuant to the terms of the divorce decree when his son withdrew from school for a quarter and played in a band through the spring and summer.
We find neither of the contentions well taken. The father's agreement to continue support payments after a child has attained majority, when incorporated in a decree, is enforceable and subject to modification. Scott v. Scott,401 So.2d 92 (Ala.Civ.App. 1981). We have stated that the legal duty of a father to support a minor child ends when the child marries and that such marriage provides cause to seek modification. Owens v. Owens, 412 So.2d 820 (Ala.Civ.App. 1982). Yet, a father may not unilaterally reduce lump sum child support payments where the decree does not so provide. Id, at 822. See also, Weaver v. Weaver, 401 So.2d 77 (Ala.Civ.App.),cert. denied, 401 So.2d 78 (Ala. 1981). The agreement placed in the decree does not provide for automatic reduction upon the marriage of one of the children. The father could have sought judicial modification of the decree. *Page 1308 
The court correctly held that past-due installments become judgments and are unmodifiable thereafter. Smith v. McNaughton,378 So.2d 703 (Ala. 1979).
With regard to the father's second contention, neither party disputes that the son withdrew from college after two quarters, that he worked for a band through the summer or that he returned to college in the fall and has since continued in school. The dispute is in the interpretation of those facts. The father contends the son quit school and assumed a full-time job which automatically terminated payment under the decree. The mother, however, contends that the son only temporarily withdrew, taking on temporary employment and not quitting school in the sense of permanent abandonment.
The son testified that he withdrew for financial reasons and took a job to enable him to return to school in the fall. The intent of the conditions for continued payment for the son's support in the original divorce decree was that he not abandon or permanently quit school or that he not assume full-time permanent employment. The court found the son did not permanently forsake his college education nor assume full-time permanent employment. We do not find the trial court to be palpably in error.
The mother's request for attorney's fees on appeal is granted in the amount of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.