BRADLEY, Judge.
This is a divorce case.
The parties were married on August 20, 1982 and divorced on October 2, 1985. The husband was either fifty-six years old or sixty-six years old, depending on the view taken of the evidence, and the wife was fifty-eight years old. No children resulted from this marriage. Both parties are former employees of U.S. Steel and are drawing retirement benefits from that corporation.
In its decree the trial court divided the parties’ property and awarded no alimony to the wife. The wife appeals.
In brief here the wife contends that the trial court erred by not awarding her alimony and by making an inequitable division of the marital assets.
“[T]he division of property and award of alimony are within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981). No fixed standards exist for determining the amount of alimony or for dividing property. The division of property is required only to be equitable, not equal, according to the facts and circumstances of each case. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982). Factors to be considered when making an equitable division of property and award of alimony are the future prospects of the parties, their ages, health, station in life, length of the marriage, and the conduct of the parties in regard to the cause of the divorce. Kyser v. Kyser, 456 So.2d 816 (Ala.Civ.App.1984).”
Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985).
*102 The record reveals that the parties were married for about three years and actually lived together for about two and one-half years. They were retired from their former jobs. The husband receives pension benefits and social security benefits in the total amount of $1,229 per month. The wife receives $560.32 per month. The husband’s health appeared to be good, but the wife’s health was only fair.
The parties owned real property acquired prior to their marriage. The husband had savings of about $78,000 at the time of the marriage, $75,000 of which was invested in certificates of deposit.
During the short marriage the parties accumulated household furniture and furnishings, plus several motor vehicles. Although there was no specific finding of fault by the trial court, there is evidence in the record that would support a finding that both parties were equally at fault in the breakup of the marriage.
The trial court noted that each party owned real property which was acquired prior to the marriage, and made no distribution. The court did give the husband any checking account, savings account, or certificates of deposit which were listed in his name, and certain household furnishings and personal property. The court awarded the wife certain items of household furniture and furnishings, all checking and savings accounts listed in her name, and a 1984 Datsun automobile.
In view of the short duration of the marriage, the fact that both parties are retired from their jobs and receiving substantial retirement benefits and social security, that they are in fairly good health, and that both parties could have contributed to the death of the marriage, we do not find that the trial court abused its discretion in the distribution of the parties’ marital assets or in its refusal to award the wife alimony.
The wife says, however, that the trial court erred because it refused to give her $25,000 out of the husband’s certificates of deposit.
The certificates of deposit were acquired by the husband prior to the marriage and, except for a short period of time prior to the divorce, they were all in the husband’s name. Moreover, the interest income from the certificates of deposit was deposited in a type of savings account. The record reveals only two occasions when the interest from the certificates of deposit was used for the common benefit of the parties. One occasion was the purchase of an automobile and the other was the purchase of furniture for the marital home.
Section 30-2-51, Code 1975, provides that the court may not take into consideration property acquired prior to the marriage unless it or the income therefrom was used regularly for the common benefit of the parties during the marriage.
In the case at bar the trial court could have concluded that the evidence was insufficient to prove that the interest income from the certificates of deposit had been used regularly for the benefit of the parties to this action. Therefore, the trial court did not err by refusing to award the wife a part of the husband’s certificates of deposit.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.