RICHARD L. HOLMES, Retired Appellate Judge.
This is a child support case.
Donnie Wilson (father) and Jane Wilson Hermanson (mother) were divorced in October 1979. In June 1992 the divorce decree was amended to award joint custody of their minor son to the parties. The modified decree also provided that as long as the parties’ minor son resided with the father, the father would not be required to pay child support for the minor son.
In April 1994 the mother filed a petition for modification, wherein she stated that the parties’ minor son had been residing with her since January 1994. The mother requested that the trial court award child support for the minor son, according to the child support guidelines. The mother further requested that the trial court extend the support until such time as the minor child completes his high school education.
The parties and their attorneys appeared before the trial court on July 22, 1994. No oral testimony was presented to the court. The parties and their attorneys filed a stipulation of facts, which is as follows:
“Parties divorce by decree.
“Minor child is 18 years of age. Minor child will be 19 on August 23,1994. Minor child, as of this date, has not successfully completed tenth grade. Presently going to summer school. Anticipate by end of summer he will have completed tenth grade; making two more years to finish the 11th and 12th grades necessary. He has failed 1st, 4th, and 7th grades; not suffering from mental or physical disabilities. Presently has part-time job.
“Monthly salary of mother: $ 508.00
“Monthly salary of father: $3,083.00
“Total: $3,591.00
“Under guidelines child support to be $430.00 per month.
“Child lived with mother since January 15, 1994. Prior order provided in event that happened child support would resume. Stipulate child support under guidelines would be $430.00 per month since January. Child support due from January through June. Child support of $430.00 per month due for July and August. Defendant has paid $400.00 two times — to be given credit for $800.00”.
The trial court issued an order, dated July 22, 1994, wherein it found that because the parties’ child was in the process of completing his high school education, the father should continue to help support the child, even though the child would reach the age of majority on August 23, 1994. The trial court ordered the father to pay $215 per month beginning September 1, 1994, until August 1, 1995. The father was also ordered to pay $107.50 per month beginning August 1, 1995, through May 1, 1996. The trial court conditioned the payment of the child support beginning August 1, 1995, upon the child’s successfully completing and attaining all credits in the eleventh grade. The order provided that the child support payments would stop if the child does not successfully complete the eleventh grade.
The father appeals. The mother has not favored this court with a brief on appeal.
The sole issue raised on appeal is whether, under the facts of this case, the trial court has the power to order the noncustodial father to continue to help support his child, who will reach the age of majority on August 23, 1994, until May 1996, when it is anticipated that the child will complete his high school education.
The general rule is that a child has a fundamental right to be supported by his or her parents until he or she reaches the age of majority and that if the parents are divorced, the courts have the jurisdiction to require the non-custodial parent to pay a certain amount *1073 of child support and to modify the amount of child support required of the non-custodial parent until the child reaches the age of majority. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969); State Dep’t of Human Resources ex rel. Haney v. Haney, 568 So.2d 1231 (Ala.Civ.App.1990); Davenport v. Davenport, 356 So.2d 205 (Ala.Civ.App.1978).
However, there are exceptions to this general rule. One exception occurs if a noncustodial parent has agreed to continue to provide support for his or her child after that child has attained the age of majority, if the agreement has been incorporated into the divorce decree. When such a situation occurs, the trial court has jurisdiction to enforce and modify such an agreement. Andrews v. Andrews, 437 So.2d 1306 (Ala.Civ.App.1983).
Our supreme court created another exception to this general rale in Ex parte Brewington, 445 So.2d 294 (Ala.1983). In Ex parte Brewington, our supreme court extended the duty of a non-custodial parent to provide support for his or her child even after the child has attained the age of majority, if the child suffers from physical and/or mental disabilities which render the child incapable of being self-supporting.
There was another exception to this general rule created in Ex parte Bayliss, 550 So.2d 986 (Ala.1989). In Ex parte Bayliss, our supreme court expanded the exception to the general rule in order to require divorced parents to provide post-minority support for a college education to the children of their marriage. Our supreme court stated that the trial court should consider all relevant factors, “including primarily the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.” Ex parte Bayliss, 550 So.2d at 987 (emphasis in original).
In State ex rel. Hayes v. Hayes, 620 So.2d 49 (Ala.Civ.App.1993), this court determined that the trial court had not abused its discretion when it failed to order the non-custodial father to pay post-minority college expenses for one of his minor sons. The reasons stated by the trial court for declining to require the father to provide such support were that the academic performance of the minor child had been consistently abysmal and that there was no evidence that the minor child had exhibited any aptitude for, or any inclination to pursue, a post-secondary education. In fact, we would note that the child in that case was 17 years of age, had failed the eighth grade, had to enroll in two summer school classes in order to be promoted to the tenth grade, and would be past the age of majority upon completion of his high school education. However, in that case, there does not appear to be either a request for, or an award of, post-minority child support to be paid until the completion of the child’s high school education.
As previously noted, our supreme court expanded the exception to the general rule and indicated that, after considering all relevant factors, the courts could require divorced parents to provide post-minority support for a college education for the children of their marriage. In light of the stipulated facts in this case, the present case concerns post-minority support for the completion of a high school education. Clearly, the facts in the present case do not fall within the exception regarding post-minority support for a college education, which was created in Ex parte Bayliss, 550 So.2d 986.
However, if this court decided to expand Ex parte Bayliss to require a parent to provide post-minority support for the completion of a high school education, it would appear that such a requirement would not be appropriate in the instant case because there appears to be a lack of “commitment to, and aptitude for, the requested education” on the part of the parties’ son.
We would also note that the case law providing that a non-custodial parent is generally not responsible for providing post-minority support for a child, except in those situations noted above, emanates from our supreme court. Hutton, 284 Ala. 91, 222 So.2d 348. This court is required to follow cases decided by our supreme court. Ala.Code 1975, § 12-3-16.
Consequently, the judgment of the trial court is due to be reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
*1074 The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.