Carolyn Beavers ("the mother") and Thomas J. Beavers ("the father") were divorced in 1987. The mother was awarded custody of the parties' two minor children and the father was ordered to pay child support. On February 6, 1997, the mother filed a motion for a modification of the child support order, alleging the father was delinquent in his child support obligation, requesting a modification of the child support order, and requesting post-minority support for the parties' minor son while he completes high school. The trial court conducted an ore tenus hearing on April 8, 1997, and entered its order on that same date. Among other things, the trial court affirmed the existing child support obligation but increased from 50% to 65% the portion of the medical expenses not covered by insurance (hereinafter "noncovered medical bills" or "noncovered medical expenses") for which the father is responsible. The trial judge denied all other pending matters, including the mother's request for post-minority support for the parties' minor son. The father appealed; the mother cross-appealed.
The father argues that the trial court erred in ordering that he pay 65% of all noncovered medical bills, including psychiatric fees. The father specifically argues that he did not receive notice of the mother's claim for an increase in his responsibility for medical expenses and that the trial court failed to determine that the psychiatric services were necessary and that the fees were reasonable. The mother cross-appeals, arguing that the trial court erred in not ordering an increase in the father's child support obligation pursuant to Rule 32 and in refusing to award post-minority support for the child while he is a high school student.
The parties were divorced in 1987. The parties' daughter is now a married adult. The parties' son is a 17-year-old high school junior. The son will turn 19 in the middle of his senior year in high school. The record indicates that the son's grades are very low and that he is failing some classes.
A psychiatrist is treating the parties' minor son for depression; the son sees the psychiatrist four times a month. The mother's insurance requires a $30 "co-pay" for each of the son's sessions with the psychiatrist. At the modification hearing, the mother testified that she was having difficulty paying for the noncovered psychiatric fees and that she needed additional financial assistance to make those co-payments. The father, who had not seen the minor son in several months, first learned of the son's psychiatric treatment at the modification hearing.
Although no documentation appears in the record, it is apparent from the transcript of the modification hearing that the divorce judgment had most recently been modified in March 1996. At that time, the father was ordered to pay $372.62 per month in child support. The mother alleged at the April 8, 1997, modification hearing that the father's income had increased and that he had additional income from rental property. The father testified that his income had increased for a few months in 1996 because he had worked a large amount of overtime, but that the overtime was no longer available. The father testified that he had received a $.27 per hour raise since the last modification of his child support obligation. The father also testified that he made no profit from his rental property.
 Notice of Claim
The father claims that he did not receive proper notice of the mother's claim for a modification; he specifically argues that he had no notice of the claim for the payment of noncovered medical expenses. The mother's petition for modification alleged that the minor son's expenses had increased and that the father's income had also increased. The father claims that this did not put him on notice that the mother was requesting a modification for an increase in the amount of noncovered medical bills. However, medical expenses are a part of the overall support obligation. See Snow v. Snow,531 So.2d 921 (Ala.Civ.App. 1988). *Page 376 
We also note that the father argues that the trial court erred in increasing the proportion of noncovered medical expenses for which he is responsible without making a determination that the psychiatric services for the son were reasonable and necessary. See Luce v. Luce, 681 So.2d 613
(Ala.Civ.App. 1996). However, the father did not raise this issue at trial. A trial court may not be held in error for issues that were not before it; an issue may not be raised for the first time on appeal. Dees v. Dees, 581 So.2d 1103
(Ala.Civ.App. 1990), cert. quashed, 581 So.2d 1105 (Ala. 1991).
 Modification of Child Support
The mother argues in her cross-appeal that the trial court properly ordered the father to pay an increased proportion of noncovered medical expenses, but that the trial court erred in not increasing the child support obligation owed by the father pursuant to Rule 32, Ala. R. Jud. Admin. A child support order may be modified only where there is a change in circumstances that is material and continuing. Romano v. Romano,703 So.2d 374 (Ala.Civ.App. 1997). The burden of proving such changed circumstances that would justify a modification of the prior child support order rests with the party seeking the modification. Cunningham v. Cunningham, 641 So.2d 807
(Ala.Civ.App. 1994). The decision whether to modify a prior support order is within the discretion of the trial court, and this court will not reverse the trial court's determination on that issue absent a clear showing of an abuse of discretion. Id.
Rule 32, Ala. R. Jud. Admin., creates a rebuttable presumption that an existing child support obligation should be modified where the difference between the present obligation and that indicated by the guidelines in Rule 32 is greater than 10 per cent. The trial court may modify a support obligation where the 10 per cent variation is not present, but where there has been a material change in the parties' circumstances.Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App. 1996). "The party seeking a modification in that situation, however, does not have the benefit of the rebuttable presumption." Id. at 157.
In this case, the mother alleged that the father had rental income that was not considered at the time of the previous child support modification. The mother also testified at the hearing that the child had had increased noncovered medical expenses. The father also testified that he "broke even" on the rental property that he owned, and that the amount of rent he charged on that rental property had remained consistent since the previous modification. The father testified that the increase in his 1996 income was attributable to a temporary increase in overtime, that he no longer worked those overtime hours, and that he had received a $.27 per hour raise since the previous modification.
The mother, as the party seeking the modification, had the burden of establishing that the parties' circumstances had changed; she did establish that the minor son's medical expenses had increased and that she was experiencing difficulty in paying the portion of those expenses assigned to her by the March 1996 modification order. However, the mother presented no evidence, only her own allegations, to contradict the father's testimony regarding his income. We cannot say that the trial court erred in determining that the mother was not entitled to the rebuttable presumption that the father's support obligation should be modified.
The trial court's decision based on the evidence presented in an ore tenus proceeding regarding the modification of child support pursuant to Rule 32 is entitled to a presumption of correctness and will not be reversed absent evidence that the decision was plainly and palpably wrong. Williams v. Braddy, supra. Evidence in the record supports the trial court's judgment. The only material change that the mother established was the increase in noncovered medical expenses. The trial court properly increased the father's responsibility for the noncovered medical expenses and properly affirmed the existing child support obligation pursuant to Rule 32. Those portions of the trial court's order are affirmed. However, we do note that a noncustodial parent is not required to *Page 377 
pay medical expenses for a child after the child reaches the age of majority, unless the child suffers from a physical or mental disability. Self v. Self, 685 So.2d 732 (Ala.Civ.App. 1996); State ex rel. Hayes v. Hayes, 620 So.2d 49
(Ala.Civ.App. 1993).
 Post-Minority Support
The mother also argues that the trial court erred in refusing to consider her request for post-minority support for the son while he completes high school. The parties' son will turn 19, the age of majority in Alabama, in the middle of his senior year in high school. The general rule concerning post-minority support is that the noncustodial parent is not required to pay child support after the child reaches the age of majority.Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969); Wilson v.Hermanson, 655 So.2d 1071 (Ala.Civ.App. 1995); Davenport v.Davenport, 356 So.2d 205 (Ala.Civ.App. 1978). However, there are exceptions to this general rule.
The first exception is where the noncustodial parent has agreed to provide support for the child past the age of majority. Andrews v. Andrews, 437 So.2d 1306 (Ala.Civ.App. 1983). Another exception is that a parent may be required to provide post-minority support where the child suffers from a physical or mental disability that prevents the child from supporting himself or herself. Ex parte Brewington,445 So.2d 294 (Ala. 1983). Last, a parent may be required, under certain circumstances, to provide post-minority support for the child's college education. Ex parte Bayliss, 550 So.2d 986 (Ala. 1989).
The Supreme Court of Alabama has held that in determining whether a parent should be required to provide support for a child in college, the trial court should consider the "financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Ex parte Bayliss, 550 So.2d at 987. In a previous case, this court considered those factors in reversing an award of post-minority support for the two years before the child's completion of high school, specifically noting the child's lack of commitment to, and aptitude for, the requested education.See Wilson v. Hermanson, 655 So.2d 1071 (Ala.Civ.App. 1995).
However, in Ex parte Bayliss, the Supreme Court of Alabama stated:
 "In expanding the exception to the general rule (that a divorced, noncustodial parent has no duty to support his child after that child reaches majority) to include the college education exception, we are merely refusing to limit the word 'children' to minor children, because of what we perceive to be just and reasonable in 1989."
Ex parte Bayliss, 550 So.2d at 993. In Ex parte Bayliss, the court also stated that the public policy of the State of Alabama is to encourage education. " '[Education] is a duty which the parent not only owes to his child, but to the state as well, since the stability of our government must depend upon a well-equipped, . . . well-trained, and well-educated [citizenry].' " Ex parte Bayliss, 550 So.2d at 994 (quotingPass v. Pass, 238 Miss. 449, 118 So.2d 769, 773 (1960)). The court then extended the duty of noncustodial parents, where it is feasible, to assist their children in the pursuit of a college education.
We believe that the State's public policy of encouraging education and a well-trained workforce would be furthered by granting to the trial courts the discretion to award post-minority support for children who reach the age of majority while still in high school. "While the rights of the parties to the divorce action must be fully respected, the public occupies the position of a third party in a divorce action; and the court is bound to act for the public." Ex parteBayliss, 550 So.2d at 994. Thus, because of this State's public policy of encouraging education, we now extend the rule in Exparte Bayliss to the completion of a high school education. In ruling on a request for post-minority support for the completion of the child's high school education, the trial court should consider the factors set out in Ex parte Bayliss.
The only evidence presented regarding the son's grades related to the three most recent semesters; that evidence indicated *Page 378 
that the son's grades are poor and that he has failed two classes. The trial court is in the best position to evaluate the circumstances of a particular case and a particular child's desire for, and aptitude for, the completion of high school. However, in this case, the trial court made no findings regarding the son's commitment to, and aptitude for, a high school education or regarding the father's ability to continue his support for the time necessary for the child to complete high school. We remand for the trial court to consider the issue of post-minority support for the completion of the child's high school education in light of this opinion. The court is to make a return within 42 days indicating its action.
The mother's request for an attorney fee on appeal is denied.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.