On Application for Rehearing.
 

 MOORE, Judge.
 

 This court’s opinion issued on March 9, 2007, is withdrawn, and the following is substituted therefor.
 

 Joy B. McCartney (“the wife”) appeals from the trial court’s final judgment divorcing her from Michael Henry McCartney (“the husband”). We affirm in part, reverse in part, and remand.
 

 The husband filed a complaint for divorce on December 8, 1998. In his complaint, he requested joint custody of the three children born of the marriage: a daughter born on October 14, 1981, a daughter born on November 5,1984, and a son born on June 23, 1988. On December 16, 1998, the wife filed an answer and a counterclaim for divorce in which she requested custody of the children. On September 26, 2000, the husband amended his complaint to request custody of the children. On October 10, 2000, the wife filed an amendment to her counterclaim, stating: “Plaintiff amends her complaint to request that she be provided support for the oldest child of the parties who will
 
 *216
 
 reach the age of 19 on October 14, 2000, due to the child’s current disability.”
 

 On October 27, 2000, April 16, 2001, and April 17, 2001, the trial court held a trial in which it received ore tenus evidence. On April 19, 2005, the trial court divorced the parties. In the divorce judgment, the trial court found that the husband’s misconduct had caused the irretrievable breakdown of the marriage.
 

 In pertinent part, the divorce judgment awarded the parties joint custody of the son and awarded the husband primary physical custody of the son; the wife was granted visitation with the son.
 
 [1]
 
 The trial court ordered the husband to pay all medical, dental, orthodontic, visual, or psychological expenses for the son, and it required the husband to maintain an insurance policy for the benefit of the son. There was no provision in the divorce judgment regarding postminority support for the older daughter.
 

 Pursuant to the divorce judgment, the wife was awarded the marital residence, and the husband was ordered to pay the monthly mortgage payment on the marital residence until it is paid in full. There was no testimony regarding the value of the marital residence, but the evidence showed that the residence was insured for $222,200. The wife was also awarded the household goods, furniture, fixtures, and appliances at the marital residence; her automobile; her retirement benefits; and her shares of stock in Ok, Inc. The evidence showed that the wife’s retirement accounts were valued at $71,644.40 and that her stock was valued at $250,000. The court also awarded the wife alimony in gross in the amount of $150,000 and $2,000 per month in periodic alimony.
 

 The husband was awarded his retirement accounts, which were valued at $446,209.04. He was also awarded “all other property in his possession and control including real estate, furniture, appliances, automobile(s) and corporate stock.” The record reveals that the father had a Merrill Lynch CMA account valued at $46,973 and an interest in McCartney Construction Co., LLC, valued at $116,000. The court found that the husband’s stock interests in “McCartney Construction Co.,” Calhoun Asphalt Company, Inc., and SouthTrust Bank were part of his separate estate and were not marital assets.
 
 [2]
 

 On May 12, 2005, the wife filed a motion to alter, amend, or vacate the divorce judgment or, in the alternative, for a new trial. The trial court held a hearing on the wife’s motion on June 28, 2005; the motion was denied by operation of law on August 10, 2005. On September 2, 2005, the wife filed her notice of appeal.
 

 Property Division/Alimony
 

 The wife first contends that the trial court erred in its property division and its award of alimony.
 

 “In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court’s judgment based on those
 
 *217
 
 findings will be presumed to be correct and will not be disturbed on appeal unless it is plainly and palpably wrong.
 
 Hartzell v. Hartzell,
 
 623 So.2d 323 (Ala.Civ.App.1993). This presumption of correctness is based on the trial court’s unique position to observe the witnesses and to assess their demeanor and credibility.
 
 Hall v. Mazzone,
 
 486 So.2d 408 (Ala.1986). Additionally, matters of alimony and property division rest soundly within the trial court’s discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion.
 
 Welch v. Welch,
 
 636 So.2d 464 (Ala.Civ.App.1994). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues.
 
 Willing v. Willing,
 
 655 So.2d 1064 (Ala.Civ.App.1995). Factors the trial court should consider in its award of alimony and its division of property include the earning abilities of the parties; the future prospects of the parties; their ages and health; the duration of the marriage; them station in life; the marital properties and their sources, values and types; and the conduct of the parties in relation to the marriage.
 
 Id.,
 
 at 1067. Further, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court.
 
 Id.”
 

 Henderson v. Henderson,
 
 800 So.2d 595, 597 (Ala.Civ.App.2000).
 

 The wife specifically argues that the trial court should have considered the husband’s stock in McCartney Construction Co., Inc., Calhoun Asphalt Company, Inc., and SouthTrust Bank in dividing the property and awarding alimony. The trial court, however, found that the husband’s stock interest in McCartney Construction Co., Inc., Calhoun Asphalt Company, Inc., and SouthTrust Bank were part of his “separate estate” and were not marital assets.
 

 In
 
 Nichols v. Nichols,
 
 this court explained what is meant by the term “separate estate”:
 

 “A party’s ‘ “separate estate” is that property over which [he or] she exercises exclusive control and from which the [spouse] ... derives no benefit by reason of the marital relationship.’
 
 Gartman v. Gartman,
 
 376 So.2d 711, 713 (Ala.Civ.App.1978). The separate estate of the parties in a divorce proceeding includes property owned prior to the marriage and property received by gift or inheritance during the marriage. § 30-2-51 (a), Ala.Code 1975. Although marital property generally includes property' purchased or otherwise accumulated by the parties during the marriage, it may also include the property acquired before the marriage or received by gift or inheritance during the marriage when it is used, or income from it is used, regularly for the common benefit of the parties during their marriage.
 
 See
 
 § 30-2-51(a), Ala.Code 1975.”
 

 Nichols v. Nichols,
 
 824 So.2d 797, 802 (Ala.Civ.App.2001).
 

 Section 30-2-51(a), Ala.Code 1975, provides:
 

 “If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage
 
 *218
 
 of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage.”
 

 On appeal, the wife does not dispute that the stock in McCartney Construction Co., Inc., Calhoun Asphalt Company, Inc., and SouthTrust Bank were gifts to the husband. She argues, however, that the income from those stocks was regularly used “for the common benefit of the parties during their marriage.” 30-2-51(a), Ala.Code 1975.
 

 After reviewing the record, we find no evidence indicating that the husband used the stock in McCartney Construction Co., Inc., and Calhoun Asphalt Company, Inc., for the common benefit of the parties. Accordingly, the trial court properly concluded that those stocks should not be included in the property-division award.
 

 With regard to the SouthTrust Bank stock, it was undisputed that the husband received dividends from that stock. At trial, however, the parties disputed whether the dividends had regularly been used for the common benefit of the parties during the marriage. There was evidence in support of both sides. The husband testified that the SouthTrust Bank dividends were reserved for his own personal use. The wife testified, however, that the SouthTrust Bank dividends were deposited into the parties’ joint checking account to pay household expenses until several years before the hearing. She also presented documentation purporting to show that portions of the dividends had been deposited into the joint checking account five times between 1987 and 1990.
 

 Because it is the duty of the trial court, and not this court, to weigh the evidence, we conclude that the trial court could properly have found that the dividends had not been regularly used for the common benefit of the parties during the marriage.
 
 Nichols v. Nichols,
 
 824 So.2d at 802 (“The trial judge is granted broad discretion in determining whether property purchased before the parties’ marriage or received by gift or inheritance was used ‘regularly for the common benefit of the parties during the marriage.’ ” (quoting § 30-2-51)). Accordingly, the trial court did not err in failing to award the wife a portion of the SouthTrust Bank stock.
 
 Campbell v. Campbell,
 
 494 So.2d 101, 102 (Ala.Civ.App.1986) (holding that “the trial court could have concluded that the evidence was insufficient to prove that the interest income from the certificates of deposit had been used regularly for the benefit of the parties .... Therefore, the trial court did not err by refusing to award the wife a part of the husband’s certificates of deposit.”).
 

 Even if the trial court had determined that the dividends from the South-Trust Bank stock had been regularly used for the common benefit of the parties during the marriage, it was not required to award the wife a portion of the stock. Instead, the trial court had the discretion whether to consider the stock in making its property-division award.
 
 Ex parte Drummmond,
 
 785 So.2d 358, 362 (Ala.2000) (“Nothing in [§ 30-2-51] states that if one party’s inheritance or gifts are used for the parties’ common benefit then the trial judge
 
 must
 
 consider the inheritance or gifts when making the property division. In fact, the statute leaves such a determination to the discretion of the trial judge.”). Based on the entire property division and the award of alimony, as well as other relevant factors, the trial court acted within its discretion in awarding the SouthTrust Bank stock to the husband.
 

 Finally, in light of our affirmance of the trial court’s judgment insofar as it found that the husband’s stock interests in McCartney Construction Co., Inc., Calhoun Asphalt Company, Inc., and South-
 
 *219
 
 Trust Bank were not marital assets, we must determine whether the trial court exceeded its discretion in its division of property and its award of alimony.
 

 In this case, both parties were employed. The husband’s net monthly employment income was between $7,721.09 and $7,955.90. According to the husband’s most recent tax return, his gross monthly interest and dividend income was $1,578.83. The wife’s gross monthly income from her employment as a teacher and from her OK stock dividends was $3,264.
 

 In the divorce judgment, the husband was awarded, among other things, his interest in McCartney Construction Co., LLC, his CMA account, and his retirement accounts; these assets had a total value of $609,182.04. The wife was awarded, among other things, the marital residence, her OK stock, and her retirement accounts; these assets had a total value of $543,844.40. In addition, the wife was awarded alimony in gross in the amount of $150,000, which the husband was allowed to pay in monthly installments of $2,500. The husband was also ordered to pay the monthly mortgage payments in the amount of $1,112 on the marital residence that was awarded to the wife and was ordered to pay the wife periodic alimony in the amount of $2,000 per month. When considering all the factors that a trial court must consider, including the disparity in the parties’ incomes and the fault of the husband in the failure of the marriage, we conclude that the trial court did not exceed its discretion in fashioning its division of property and its award of alimony.
 

 Postminority Support
 

 The wife next argues that the trial court exceeded its discretion in failing to award postminority support for the parties’ oldest child.
 

 “In Alabama, the general rule is that a trial court has no jurisdiction to require a parent to provide support for a child who has reached the age of majority.
 
 See Beavers v. Beavers,
 
 717 So.2d 373 (Ala.Civ.App.1997);
 
 Whitten v. Whitten,
 
 592 So.2d 183 (Ala.1991). However, there are exceptions to the general rule. The first exception is where the noncustodial parent has agreed to provide support for the child past the age of majority.
 
 Beavers,
 
 supra (citing
 
 Andrews v. Andrews,
 
 437 So.2d 1306 (Ala.Civ.App.1983)). Another exception is that a parent may be required to provide postminority support where the adult child is so mentally or physically disabled that he cannot support himself or herself.
 
 Beavers,
 
 supra (citing
 
 Ex parte Brewington,
 
 445 So.2d 294 (Ala.1983)). Last, a parent may be required to provide postminority support when application for postminority educational support is made before the child reaches the age of majority.”
 

 Penney v. Penney,
 
 785 So.2d 376, 378 (Ala.Civ.App.2000) (quoting
 
 Ex parte Cohen,
 
 763 So.2d 253, 256 (Ala.1999)).
 

 “In order to determine whether a[ ] disabled adult child is entitled to postmi-nority support, the ‘trial court must (1) determine that the adult child is not capable of earning an income sufficient to provide for his or her reasonable living expenses and (2) that the adult child’s mental or physical disability is the cause of his or her inability to earn that income.’ ”
 

 Lightel v. Myers,
 
 791 So.2d 955, 958 (Ala.Civ.App.2000).
 

 In this case, the wife testified that the parties’ oldest child had been diagnosed with major depression with psychotic features. It was undisputed that the child had been committed to a mental institution for two months beginning in December 2000. There was conflicting evidence regarding whether the child was capable of
 
 *220
 
 earning an income sufficient to provide for her reasonable living expenses.
 

 “[T]he matter of post-minority support rests soundly within the discretion of the trial court after consideration of the appropriate factors.”
 
 Abernathy v. Sullivan,
 
 676 So.2d 939, 941 (Ala.Civ.App.1996). In this case, we are unable to review this issue because it is clear that the trial court did not consider “the appropriate factors.” In the hearing on the wife’s postjudgment motion, the following exchange took place:
 

 “THE COURT: ... Is there anywhere in the pleadings where either side asked that there be a determination about [the oldest child’s] disability that the parties should be responsible for them past the age of nineteen?
 

 “MR. LIVINGSTON [attorney for the wife]: I know that we did ask for post-minority support for [the oldest child].
 

 “THE COURT: Well, that would be dealing with college and stuff. It is a whole different ballgame supporting a child because of physical or mental disability. Postminority support is created by a case for educational purposes. It has nothing to do with whether you are responsible for supporting a child past the age of minority.”
 

 The court then made it clear that it had not considered awarding postminority support for the oldest child because it did not believe that the wife had properly presented the issue.
 

 The trial court’s conclusion in this regard was incorrect. As previously noted, postminority support can be for educational purposes or for the purpose of supporting a disabled child who is unable to support himself or herself.
 
 Penney, supra; Lightel, supra.
 
 The wife properly requested postminority support, asserting that the oldest child was disabled. Evidence was presented on the issue whether the child was disabled and whether any disability caused her to be incapable of earning an income sufficient to provide for her reasonable living expenses. The trial court then had a duty to determine whether, in light of the evidence presented, an award of postminority support was appropriate. We hold that the trial court’s failure to consider the issue of postminority support was error.
 
 [3]
 

 Custody
 

 Finally, the wife argues that the trial court exceeded its discretion in awarding custody of the parties’ 16-year-old son to the husband. “A trial court’s custody determination following the presentation of ore tenus evidence is presumed correct, and that judgment will not be set aside on appeal absent a finding that the trial court abused its discretion or that its determination is so unsupported by the evidence as to be plainly and palpably wrong.”
 
 Steed v. Steed,
 
 877 So.2d 602, 604 (Ala.Civ.App.2003). “This court may not substitute its judgment for that of the trial court.”
 
 Somers v. McCoy,
 
 777 So.2d 141, 142 (Ala.Civ.App.2000). “The controlling consideration in child-custody matters is
 
 *221
 
 always the best interests of the child.”
 
 Patrick v. Williams,
 
 952 So.2d 1131, 1140 (Ala.Civ.App.2006).
 

 The testimony established that the son had a good relationship with both parties and that both parties were good parents. The son did testify, however, that the wife would often leave him at home with the parties’ younger daughter overnight unsupervised. The son testified at trial that he wanted to live with the husband; however, after the trial, the parties stipulated that the son had changed his mind and wanted to live with the wife. The son’s preference in this matter, however, is not controlling.
 
 Estrada v. Redford,
 
 855 So.2d 551, 556 (Ala.Civ.App.2003). We find that there was evidence to support a custody determination in favor of either the wife or the husband. Thus, the trial court did not exceed its discretion in awarding custody of the son to the husband.
 

 Based on the foregoing, we affirm the trial court’s judgment as to the division of property and its award of alimony. We also affirm the trial court’s judgment insofar as it awards custody of the parties’ son to the husband. We reverse the judgment insofar as it failed to address the issue of postminority support for the parties’ oldest child, and we remand the cause for the trial court to make a determination as to whether an award of postminority support should be made for the parties’ oldest child.
 

 APPLICATION GRANTED; OPINION OF MARCH 9, 2007, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The parties' two oldest children had reached the age of majority by the time the trial court entered the divorce judgment.
 

 [2]
 

 . Because there is no stock interest in an LLC, it appears that the trial court did not include the husband's interest in McCartney Construction Co., LLC, in the list of items that were found to be part of the husband's separate property; therefore, the trial court must have found the husband's interest in McCartney Construction Co., LLC, to be marital property. Because this property was not specifically mentioned in the divorce judgment, it was awarded to the husband by virtue of the provision awarding "all other property in his possession and control" to the husband.
 

 [3]
 

 . In the husband's brief in support of his application for rehearing, he raises an argument for the first time that the wife invited the trial court’s error in failing to address the issue of postminority support. Because arguments made for the first time on rehearing are not entitled to consideration, however, we need not address the husband’s argument.
 
 Osorio v. K & D Erectors, Inc.,
 
 882 So.2d 347, 355 (Ala.Civ.App.2003).
 

 The husband also argues that this court has placed the trial court in error for not awarding postminority support. The husband misunderstands our holding, which merely directs the trial court to rule as to whether the wife is entitled to postminority support for the oldest daughter.