This case involves post-divorce proceedings concerning the payment of post-minority support for a college education.
The parties were divorced in March 1982. The mother was awarded custody of the two daughters, and the father was ordered to pay $185 bi-weekly in child support. In August 1990 the mother filed a petition to modify, requesting that the trial court award support for college expenses for the younger daughter, who was still a minor.
The trial court ordered the father to pay all tuition and fees for eight semesters or twelve quarters of college education and to reimburse the mother for the cost of room and board while the daughter is enrolled as a full-time student. It amended the order after a hearing on the father's motion for a new trial or to alter, amend, or vacate the judgment. The amended order required the mother to provide transportation to and from college for the daughter, to provide a home when college is not in session, and to pay for any and all other expenses necessary and appropriate for the daughter, in addition to those to be paid by the father. The father would not be required to pay for room and board for the daughter if she lives at the home of the mother, rather than on or off campus, or to pay for education beyond the requirements necessary to receive a four-year degree. The father *Page 55 
appeals, contending that the trial court erred in ordering that he pay tuition, fees, room, and board for the daughter. We reverse and remand.
We note at the outset that where evidence is presented ore tenus, the trial court's judgment is presumed to be correct unless it is so unsupported by the evidence that it is plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App. 1986). We further note that, when application is made for post-minority support for a college education prior to a child's attaining majority, the trial court has jurisdiction to require parents to provide such support. Ex parte Bayliss,550 So.2d 986 (Ala. 1989). The trial court is to consider all reasonable and necessary relevant factors, including primarily the financial resources of the parents and the child and the child's commitment to and aptitude for a college education. Id.
The trial court may also consider the child's relationship with his or her parents, as well as the standard of living the child would have enjoyed if the divorce had not occurred. Id. In addition, evidence should be presented which indicates that the parent has sufficient financial resources to provide financial assistance without undue hardship. Thrasher v. Wilburn,574 So.2d 839 (Ala.Civ.App. 1990). Undue hardship does not mean without any personal sacrifice, as many parents sacrifice to send their children to college. Id.
The daughter's nineteenth birthday was in August 1990. She has lived with the mother in Texas since the divorce and presently attends Richmond College part-time and the University of North Texas part-time. Her grades at Richmond were 2.5 on a 4.0 scale and at North Texas were 3.1 on a 4.0 scale. She had discussed college with her father; however, her tuition, room, and board were being paid by her mother and stepfather. She also works part-time. She testified that it would cost $18,000 or $19,000 for her to complete her education.
The older daughter, who at the time of the institution of this proceeding was no longer a minor, attends college with scholarships and the financial assistance of her mother and stepfather. The father does not assist in providing for her education.
The father's average income was approximately $46,000 for 1987, 1988, and 1989. He valued his mortgage-free home at $60,000 to $65,000. He also owns approximately 90 acres of land valued at $1,000 to $2,000 per acre and a lot worth $5,000. He has $44,000 in retirement accounts, $4,000 or $5,000 in savings accounts, and $10,000 in savings bonds. He owns a certificate of deposit worth $43,000. He also has a pension plan with his employer.
The mother earned $34,800 in 1987. She started her own business, which netted her an income of $9,600 in 1990. She projected the same amount of income for 1991. She has spent $10,000 on the daughter's college education.
The father contends that the trial court erred in ordering him to pay college expenses for eight semesters or twelve quarters, when there was no limitation as to the cost, no specification of the institution, and no evidence presented as to the amount required for the expenses. He claims that without proper evidence to show what the college expenses would be, the court could not determine if the payments ordered would cause undue hardship.
He further claims that the Bayliss criteria have not been met because, he claims, the evidence shows that he did not regard college as necessary and, if there had been no divorce, would not have provided the funds for the daughter to attend college and that he and the daughter have become estranged. He also claims that his financial resources and the commitment and aptitude of the daughter are not sufficient to allow the order entered by the trial court.
Although the father argues that he does not consider college to be necessary and that, therefore, the daughter would not have attended college if there had been no divorce, we note that this criterion is one that may be considered, but is not required to be considered by the trial court. We further note that the mother obtained two higher education degrees while married to the father. The father's estrangement from the daughter is also a criterion that *Page 56 
may be considered by the court, but is not primary. However, the testimony of the mother and the daughters indicates that they encouraged the father to visit with the daughters and to invite them to visit with him, but that he was the one who was not responsive. The father did not dispute this testimony.
In addition, we hold that the amount of the assets and the income of the father indicate that he is able to assist with the daughter's college education and that the daughter has shown a commitment to and an aptitude for the education requested. Therefore, we conclude that the trial court correctly ordered that the father assist in providing a college education for the daughter; however, we hold that, under the trial court's order as written, the possibility of undue hardship exists. Although evidence was presented to the trial court concerning the estimated cost to complete the daughter's education, and perhaps the trial court considered that estimated cost, the order did not limit the expenses to be paid by the father to a particular college or to a particular amount. As written, the order could require the payment of expenses at a costly private college, which could cause undue hardship for the father. Therefore, we reverse and remand with instructions for the trial court to enter an order clarifying its previous order by setting a limit to the amount the father is to pay for tuition, fees, room, and board, or by ordering that he pay no more than what these expenses would be at a particular college.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.