This is a post-minority support case.
The parties, Mona Heath (mother) and Foy Heath (father) were divorced in 1981. Several modifications of the divorce judgment followed in the succeeding years, with the most recent modification awarding the parties joint custody of the minor child.
In November 1993, the father filed a petition seeking, inter alia, post-minority support for the child's college education. Following an ore tenus proceeding, the trial court ordered the mother to pay post-minority support, detailing specifics regarding the amount and time and conditions of her obligation. The mother appeals, contending that such obligation places upon her an undue financial hardship, and, in part, she contends that the order is unreasonable, because she is estranged from the child.
The trial court has the discretionary authority to award post-minority support for a child's college education when such support is applied for before the child's 19th birthday, if the proper factors are considered. Ex parte Bayliss,550 So.2d 986 (Ala. 1989). It is undisputed that the father's petition was filed prior to the child's nineteenth birthday. Factors to be considered include the child's aptitude for a college education and the financial resources of the parents.Bayliss, supra. Furthermore, this court has noted that financing a college education generally requires sacrifices on the part of the parents, but that the trial court must determine whether the parent will experience undue hardship as a result of his or her contribution to the child's college education. Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990). See also Murrah v. Turnipseed, 578 So.2d 1340
(Ala.Civ.App. 1991).
The parties agree that they desire for their child to attend college and that she has the aptitude to attend college. The child testified that her mother had indicated to her a desire that she attend college. The record further reveals that the child has lived with the father since approximately July 1991, and that the most recent modification provided that the necessary expenses of the child would be paid by the parent having custody at that particular time. At the time of this hearing, the child was living at home with the father and attending a local junior college. The father had paid all of the child's college expenses at that time. Testimony further revealed that the father paid all other necessary expenses for the child, including the expense of providing an automobile for the *Page 771 
child's transportation. Further testimony disclosed that the child wished to transfer to a university, which would necessitate additional expenses, including room and board. The father testified that the mother had not contributed financially toward any of the child's college expenses, although the mother and the child testified that the mother had purchased some of the child's clothing.
The record indicates that the relationship between the child and the mother has apparently been strained for some time. This, however, does not preclude the child from the opportunity to obtain a college education requiring her mother's assistance. Thrasher, supra. The mother simply failed to present any evidence regarding their relationship that should relieve her of her parental responsibilities to this child.
A trial court's determination based upon ore tenus evidence is presumed correct unless there is not sufficient evidence to support its findings and judgment. Entrekin v. Entrekin,627 So.2d 955 (Ala.Civ.App. 1993). Close review of the entire record reveals that the trial court gave proper consideration to the financial situations of both parties, as well as their individual monetary management skills, and that it additionally considered the possibility of financial aid as an option. The trial court's order expressly noted the mother's income, assets, past bankruptcy, and money management practices in contrast to the father's. This court encourages the mother to follow the suggestion of the trial court to seek advice in managing her finances. The trial court's clear and well-reasoned order is supported by an abundance of record evidence, and is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.