This is the second time these parties have been before this court. See Hill v. Hill, 637 So.2d 1368 (Ala.Civ.App. 1994).
Gregory Albert Hill and Phoebe Hill were divorced on February 2, 1990. On January 6, 1998, the mother filed a petition seeking post-minority support for the parties' minor daughter, Kristen. Kristen reached the age of majority on January 28, 1998. The record indicates that after the parties' divorce, the relationship between the father and Kristen was strained. At the time of the trial, the father and Kristen had not seen each other in seven years. Kristen and her mother blamed the father *Page 502 
for the breakdown in the relationship; the father blamed the mother, and to some extent, Kristen's behavior, for the lack of a relationship between the father and Kristen.
The trial court entered an order requiring the father to pay one-half of Kristen's college expenses for tuition, room, board, books, and fees. In its order, the trial court also "reinstated" the father's child-support obligation and ordered that that obligation continue while Kristen remained a full-time college student. The father filed a postjudgment motion. In response to that motion, the trial court entered an order requiring the father to pay the mother $666.27 to reimburse her for expenses paid for the daughter's 1998-99 college expenses. In that order, the trial court also ordered the husband to pay $167 per month for the daughter's "extraordinary college expenses incurred in commuting" from her home to the University of North Alabama. The father appealed.
The father first argues that the trial court erred in ordering him to continue paying child support past the date of Kristen's reaching the age of majority. In making this argument, the father discusses the terms of the trial court's first judgment. However, after considering the father's postjudgment motion, the trial court amended that judgment and omitted any reference to a child-support obligation. Instead, the trial court ordered the father to pay $167 per month for Kristen's expenses in commuting to college.
Kristen testified that she commuted approximately 100 miles to attend her classes at UNA. She also testified regarding the costs of gasoline, insurance, and maintenance of her automobile. Kristen testified that she had investigated the costs of moving out of her mother's home and living closer to UNA. However, Kristen said she had determined that it would be less expensive to live with her mother and commute to school.
In Bayliss v. Bayliss, 575 So.2d 1117 (Ala.Civ.App. 1990), this court affirmed the trial court's judgment ordering the father to pay for a child's books, room, board, and tuition at college because all of those expenses were directly related to the child's college education. Kristen testified that commuting to school was a less expensive alternative to incurring room and board expenses at college. We hold that the $167 per month the trial court ordered the father to pay is directly related to Kristen's college education. We find no error in the award of $167 per month.
The father next argues that the trial court erred in refusing to place temporal restrictions on his post-minority support obligation. The trial court's judgment requires that the father pay post-minority support for the time in which Kristen is a full-time college student, provided she maintains an overall "C" average in her course work. In Thompson v. Thompson, 689 So.2d 885
(Ala.Civ.App. 1997), the father appealed from a judgment similar to the one in this case, arguing that the trial court erred by not placing temporal restrictions on his post-minority support obligation. This court agreed, holding that the trial court's judgment had the potential for prolonging the father's obligation to pay post-minority support. Thompson v. Thompson, supra. In this case as well, the trial court's judgment failed to place sufficient time restrictions on the father's post-minority support obligation. We remand this case for the trial court to place the appropriate time restrictions on the father's post-minority support obligation.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur. *Page 503