The father appeals from the trial court's order on the mother's petition for a rule nisi and modification.
On February 16, 1999, Melody Bowen filed a "Petition for Rule Nisi and Modification," requesting, in pertinent part, postminority educational support from Ronald W. Bowen for the benefit of their daughter. All issues in the petition were resolved by agreement, except the issue of educational support, which the trial court reserved. On February 9, 2000, the mother filed another "Petition for Rule Nisi and Modification," in order to get a final ruling on the issue of postminority educational support. The trial court, on October 2, 2000, held a hearing, at which the parties presented ore tenus testimony and offered exhibits on the issue. The same day, the trial court entered an order that, in pertinent part, directed the mother and daughter to attempt to secure financial aid, held that the father owed $557.78 as a contribution for college expenses already incurred, and held that the father would be responsible for 50% of the daughter's college expenses.
The father contends that the trial court erred in granting postminority educational support because, he contends, it will cause him undue hardship. Our standard of review in a case involving a modification of a child-support order is well settled. Matters related to child support, including subsequent modifications of a child-support order, rest soundly within the trial court's discretion, and will not be disturbed on appeal absent a showing that the ruling is not supported by the evidence and thus is plainly and palpably wrong. Payne v. Payne, 806 So.2d 398
(Ala.Civ.App. 2001); Berryhill v. Reeves, 705 So.2d 505 (Ala.Civ.App. 1997); Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App. 1996). In Alabama, a parent may be required to provide postminority support when an application for postminority educational support is made before the child reaches the age of majority. Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). Following Bayliss, this court has held that the trial court must set reasonable limitations on the parent's responsibility for postminority education support, because a failure to do so may impose an undue hardship on the paying parent. See Penney v. Penney, 785 So.2d 376
(Ala.Civ.App. 2000); Manring v. Manring, 744 So.2d 919 (Ala.Civ.App. 1999); Kent v. Kent, 587 So.2d 409 (Ala.Civ.App. 1991).
The father claims that his expenses already exceed his income and, therefore, that any amount of postminority educational support will cause him undue hardship; he sought to prove this claim by introducing into evidence a statement of income and expenses. During examination, both the mother's counsel and the trial court questioned the father as to the accuracy of the calculations, and the questioning cast a considerable amount of doubt on its veracity. Under the ore tenus standard and given the attendant presumption of correctness that attaches to the trial court's ruling on ore tenus evidence, we would normally be loath to reverse the trial court's judgment as to an issue such as this. However, when a parent claims undue hardship, a court not only must consider the income and the ability of the parent to pay postminority educational support, but also must correctly determine the educational expenses the child is expected to incur.
This court has previously held that without legal evidence as to the amounts required for books and tuition or for actual costs of room and board, we cannot determine whether the sums a parent is required to pay for postminority educational support would cause undue hardship. *Page 719 
Penney, supra; Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990). InGordon v. Gordon, 804 So.2d 241 (Ala.Civ.App. 2001), this court reversed a judgment modifying a child-support order; the modification judgment ordered the father to pay half the costs for the daughter to attend the University of Alabama in Huntsville, or, in the alternative, to pay "the cost of an in-state, state supported institution of higher education and . . . the cost of average room accommodations and meal plans of an on-campus, residential student." 804 So.2d at 244. We held there that the difference between the costs of any two state-supported institutions could vary so greatly that, in order to calculate whether those costs would impose an undue hardship on the father, the trial court should take evidence regarding the actual expenses to be incurred by the daughter and then determine whether the order would impose an undue hardship on the father.
In the instant case, the daughter presented an exhibit that apparently showed the costs she had incurred up to the date of trial for her first year and a half of college. The trial court found her exhibit sufficient to award $557.78 against the father and to determine that that amount would not cause him an undue hardship. To that extent we affirm the trial court's judgment. The court ordered the father to pay half the daughter's expenses for the school she was then attending (Jefferson State Community College), or, in the alternative, to pay half the costs of attending the college she planned to transfer to upon completing the requirements for her two-year degree. The trial court named the school she planned to attend, the University of Alabama, but the record does not indicate the court considered any evidence as to the actual expenses of attending that school. In the absence of evidence regarding actual costs, neither this court nor the trial court can properly determine whether the portion of expenses the father was ordered to pay constitutes an undue hardship. Therefore, that part of the trial court's judgment awarding prospective postminority educational support is reversed. On remand, the parties may present evidence of the actual costs of the institution which the child plans to attend. This evidence would then allow the trial court to consider the father's claim of an undue hardship, based on concrete numbers.
Based upon the facts of this case and on the authority cited above, we reverse that portion of the trial court's judgment dealing with prospective postminority educational support. We affirm the remainder of the judgment, including the order directing the father to pay previously incurred college expenses and to continue to pay the daughter's current expenses at Jefferson State Community College. This cause is remanded for further proceedings.
The appellee's request for an attorney fee on appeal is granted, in the amount of $500.00.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, P.J., and Crawley, Thompson, and Murdock, JJ., concur.