Andrew Scotty Walker ("the father") appeals a judgment entered against him for $9,500 in postminority support for his daughter's college education. We affirm. *Page 146 
The father and Tammy Deann Walker ("the mother") were divorced in 1983. The divorce judgment awarded custody of their daughter, Cody Walker, to the mother and ordered the father to pay child support. The father paid child support in the amount of $200 per month until Cody reached the age of majority on July 28, 2001. The mother petitioned for postminority educational support on March 16, 2001, while Cody was still a minor. Although the father contested the mother's claim on a number of grounds, he did not dispute the timeliness of the mother's petition or Cody's aptitude for college. After receiving evidence ore tenus, the trial court entered its judgment on December 2, 2003.
In pertinent part, the trial court's judgment stated:
 "I. Claim for Reimbursement of Expenses at Enterprise State Junior College
 "The parties' minor child, Cody Walker (DOB: 07-28-82), attended Enterprise State Junior College[,] after graduating from high school[,] from Fall 2000 through Spring 2002. Considering the expenses claimed by the [mother] and the fact that the [father] continued child support payment[s] of $200.00 per month until Cody's 19th birthday, the court finds the [father] has satisfied any obligation that may have accrued through July, 2001.
 "The [mother] claims $2,137.50 per semester for room and board. Cody resided at home with [the mother]. The court finds the reasonable value of room and board for Cody based upon [the mother's] testimony to be $1,200.00 per semester. The court determines that [the father] should reimburse [the mother] the sum of $1,500.00 as his proportionate share of the college expenses incurred while Cody attended Enterprise State Junior College.
"II. Expenses Incurred at Wallace Community College
 "Cody moved to Cullman, Alabama, and leased an apartment in the summer of 2002, expecting to enroll in the dental hygiene program at Wallace Community College, Hanceville. When she was not accepted into the program, Cody enrolled in other classes required for a certificate in medical transcription and also to take required classes for the dental hygiene program. Cody received a certificate in medical transcription and was accepted into the dental hygiene program at Wallace Community College in July, 2003.
 "Based upon the evidence presented, the court finds that [the father] should pay, as his proportionate share[,] $4,000.00 for the expenses incurred during the Fall 2002/Spring 2003 semesters since all classes were not required for the dental hygiene program.
 "III. Anticipated Expenses of Associate Degree in Dental Hygiene
 "To complete the degree requirements of the dental hygiene program, Cody must complete four additional semesters: Fall 2003 (currently enrolled) through Spring 2005. The court finds that payment of post-minority benefits more than four years after graduation from high school under the circumstances of this case would be unreasonable. Therefore, the court, based upon the evidence presented, determines the [father's] obligation for one year in the dental hygiene program should not exceed the amount determined to be due for the 2002-2003 school year, to-wit: $4,000.00."
(Footnote omitted.)
The father argues on appeal that the award of postminority support would *Page 147 
cause him undue hardship because, he says, his income is insufficient to pay any postminority support. Because the trial court received evidence ore tenus, we must presume its judgment is "correct unless it is so unsupported by the evidence that it is plainly and palpably wrong." Thrasher v. Wilburn,574 So.2d 839, 841 (Ala.Civ.App. 1990) (citing Coby v. Coby,489 So.2d 597 (Ala.Civ.App. 1986)). In Penney v. Penney, 785 So.2d 376,379 (Ala.Civ.App. 2000), this court stated:
 "The trial court must also determine if the noncustodial parent has `sufficient estate, earning capacity, or income to provide financial assistance without undue hardship.' Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App. 1990). Undue hardship does not imply the absence of personal sacrifice, because many parents sacrifice to send their children to college. Id."
The father works in a tire-manufacturing plant. He introduced evidence indicating that his take-home pay is $2,213.47 per month and that his monthly expenses total $2,157.00, $56.47 less than his total take-home pay. However, the monthly expense total of $2,157 includes a mortgage payment of $822 per month, which is paying for 56 acres of land in addition to a home. Moreover, the father owns a car, a truck, a motorcycle, and six horses. He had also maintained a $6,000 balance in his checking account for approximately a year before trial. This evidence would support a finding that the father has "`sufficient estate, earning capacity, or income to provide financial assistance without undue hardship.'" Penney, 785 So.2d at 379 (quoting Thrasher,574 So.2d at 841). Therefore, we cannot reverse the judgment of the trial court on the ground that the father's income was insufficient for him to provide any financial assistance without undue hardship.
The father also argues that the trial court abused its discretion in awarding postminority support when the evidence established that Cody changed her course of study from nursing to dental hygiene, that she took courses required for dental hygiene at Wallace Community College ("WCC") during the fall 2002 and spring 2003 semesters that she could have taken at less expense at Enterprise State Junior College ("ESJC"), that she took medical-transcription courses at WCC during the fall 2002 and spring 2003 semesters that were not required for admission into the dental-hygiene program, and that she entered the dental-hygiene program after she had already earned a certificate in medical transcription. However, we cannot hold that those circumstances would necessarily foreclose the trial court from awarding any postminority support. A child's failure to take the most expeditious and economical path to his or her college degree should be addressed by the trial court through the limitations it sets on the award of postminority support. See Penney,785 So.2d at 379 ("[T]his court has held that the trial court must set reasonable limitations on the parent's responsibility for postminority education support, because a failure to do so may impose an undue hardship on the paying parent."). In the case now before us, the trial court omitted an award of postminority support for the period when Cody attended college as a minor.[1] The trial court limited the award to a period of three school years after Cody became an adult. Finally, the trial court limited the amount it awarded for the school year when Cody took the *Page 148 
medical-transcription courses because those courses were not required for admission into the dental-hygiene program. The father does not argue that the trial court abused its discretion by omitting requirements that Cody maintain a "C" average and remain a full-time student. Accordingly, under the facts of this case, we hold that the trial court, through the limitations it placed on the award, adequately addressed Cody's failure to take the most expeditious and economical path to her ultimate goal of a degree in dental hygiene.
The father also argues that the trial court abused its discretion in awarding postminority support because, he says, the trial court made the award in the absence of evidence of the actual cost of Cody's college expenses. "This court has previously held that without legal evidence as to the amounts required for books and tuition or for actual costs of room and board, we cannot determine whether the sums a parent is required to pay for postminority educational support would cause undue hardship." Bowen v. Bowen, 817 So.2d 717, 718-19 (Ala.Civ.App. 2001) (citing Penney, supra, and Thrasher, supra).
The mother introduced evidence of the average cost per semester of Cody's tuition, books, and fees at ESJC[2] during the fall 2001 and spring 2002 semesters and evidence of the average cost per semester of Cody's tuition, books, and fees at WCC during the fall 2002, spring 2003, and fall 2003 semesters. In addition, the mother introduced evidence of the expected actual costs for tuition, books, and fees at WCC for the spring 2004 semester. That evidence was legally sufficient.
The father next argues that the trial court erred in awarding postminority support because, he says, the trial court made the award in the absence of evidence of the amounts Cody received from scholarships and grants. However, the mother introduced evidence of the average amount per semester Cody received in scholarships and grants while she attended ESJC and evidence of the average amount per semester Cody received from scholarships and grants while she attended WCC. That was legally sufficient evidence of the amounts she received in scholarships and grants.
Finally, the father argues that the trial court erred in awarding postminority educational support because, he says, "[Cody] had a part-time job while she was at ESJC but the Court never inquired into the amount of income she had from it." However, the father had the opportunity to introduce evidence of the amount of income Cody received from her part-time job through his cross-examination of the mother and Cody, but he did not do so. In effect, the father is arguing that the trial court should have performed his cross-examination for him. However, he has cited no legal authority supporting such a proposition. Piercev. Helka, 634 So.2d 1031, 1033 (Ala.Civ.App. 1994) ("When a litigant fails to support his argument with proper authority, we have no choice but to affirm.").
AFFIRMED. *Page 149 
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.
CRAWLEY, P.J., concurs in the result only, without writing.
[1] In Waddell v. Waddell, 904 So.2d 1275 (Ala.Civ.App. 2004), this court held that an award of postminority educational support may include tuition, books, and fees for a child's college education that are incurred while the child is a minor.
[2] The judgment is ambiguous regarding whether the $1,500 award for Cody's attending ESJC included any amount for room and board while she lived in the mother's home. Although we held inWaddell v. Waddell, supra, that the trial court had erred in awarding postminority support for the equivalent of room and board costs at a college when the mother, with whom the children lived, did not actually expend any money for room and board, we need not decide whether the $1,500 award for Cody's attending ESJC runs afoul of our holding in Waddell v. Waddell because the father's brief to this court did not sufficiently raise this issue.