PITTMAN, Judge,
dissenting.
In awarding postminority support, it is the trial court’s responsibility, in the first instance, to determine if a parent has a “sufficient estate, earning capacity, or income to provide financial assistance without undue hardship,” which “does not mean without any personal sacrifice.” Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App.1990) (emphasis added). Also, “the modification of a child-support order rests soundly within the trial court’s discretion and will not be disturbed on appeal absent a showing that the ruling is not supported by the evidence and, thus, is plainly and palpably wrong.” Lindsey v. Patterson, 883 So.2d 223, 225 (Ala.Civ.App.2003).
The mother earned $9.00 per hour from clerical work as recently as 1995, and she earned $6.50 per hour from work at a grocer until 1999. Although the mother and her physician testified to her having suffered from severe neck pain beginning in 1999, the physician testified that her pain had receded and her overall condition had improved following neck surgery. Because I am of the opinion that the trial court could properly have inferred from the evidence that the mother was capable of earning a sufficient income to make postminority-support payments in the amount of $280 per month, and because I do not consider that determination to be plainly and palpably wrong, I would affirm the trial court’s judgment; I therefore respectfully dissent.
THOMPSON, J., concurs.