984 So.2d 418 (2007)
B.B.
v.
F.P.
2060624.
Court of Civil Appeals of Alabama.
October 5, 2007.
*419 Joan-Marie Kettell Dean, Huntsville, for appellant.
Thomas J. Jarvinen, Huntsville, for appellee.
BRYAN, Judge.
B.B. ("the mother") appeals a judgment insofar as it awarded F.P. ("the father") postminority educational support, awarded the father an attorney's fee and travel expenses, and denied the mother's request for a hearing on her postjudgment motion. Both the mother and the father request an attorney's fee on appeal. For the reasons given below, we affirm in part, reverse in part, and remand with instructions.
The pleadings and orders included in the record on appeal indicate that the father first petitioned the juvenile court for a rule nisi seeking to hold the mother in contempt for her failure to pay her monthly child-support obligation. However, the first pleading included in the record on appeal is the father's complaint seeking an award of postminority educational support regarding the parties' minor son, T.P. ("the son"), born on July 15, 1988.
After the mother answered, denying the allegations in the father's complaint, the juvenile court held an ore tenus proceeding regarding the father's complaint seeking postminority educational support and his petition seeking to hold the mother in *420 contempt. At the conclusion of the ore tenus proceeding, the juvenile court rendered an oral judgment. On March 20, 2007, the juvenile court entered a written judgment in conformance with its oral judgment. That written judgment states, in pertinent part:
"1. [The mother] is found to be in contempt of court for her nonpayment of child support ordered by the Court on June 1, 2001.
"2. [The mother] admitted by stipulation to the child support arrearage due as of August 9, 2006. This arrearage consists of unpaid child support . . . for a total amount due to [the father] in the amount of twelve thousand four hundred fifty six and 53/100 dollars ($12,456.53). . . .
"3. [The mother] shall reimburse [the father] for his reasonable attorney's fees, at the rate of one hundred fifty dollars per hour ($150.00/hour), which he incurred in bringing this cause of action. [The father's] reasonable attorney's fees total two thousand eight hundred eighty nine and no/100 dollars ($2,889.00). . . .
"4. [The mother] shall reimburse [the father] for his travel expenses of three hundred fifty and no/100 dollars ($350.00) which he incurred in bringing this cause of action. . . .
"5. Pursuant to the Bayliss standard as set out by the Alabama Supreme Court in Ex parte Bayliss, 550 So.2d 986 (Ala.1989), [the mother] shall provide post-minority support for [the son's] college education. [The mother] shall pay one half of the non[-]covered tuition, books, fees and expenses for the child of the parties. . . . In addition, [the mother] shall reimburse [the father] in the amount of one half of the future loan payments for the loan that [the father] obtained for [the son's] uncovered college expenses. [The father] shall also supply [the mother] a copy of the loan and its status. [The father] shall supply [the mother] with an allocation of what expenses are waived, what expenses are covered and what expenses are non-covered.
"6. Pursuant to the Bayliss standard as set out by the Alabama Supreme Court in Ex parte Bayliss, 550 So.2d 986 (Ala.1989), [the father] shall notify [the mother] of [the son's] grades, events and other pertinent facts as they relate to [the son's] college education within fourteen (14) days from the date upon which [the father] is notified of same."
After the juvenile court denied the mother's motion to alter, amend, or vacate the judgment, the mother timely appealed.
The evidence established the following. The son, a freshman at the time of trial, attends Morgan State University ("MSU"), majoring in electrical engineering. The only evidence of the son's academic progress at MSU is the father's testimony that the son was on the Dean's List, that the son's grades are "great," and that the son is "doing extremely well in college."
The father testified that MSU waives the son's tuition because the father is employed at the university as a police sergeant, where he earns $48,000 annually. However, the father testified that MSU charges the son for costs associated with nontuition expenses, such as room and board, books, and fees. The father testified that the cost of room and board is $2,300.[1] The father did not introduce evidence itemizing the costs of the son's other expenses. Although the son was not *421 awarded any scholarships, he received $2,000 in grants.[2] On direct examination, the father stated the following regarding the son's remaining expenses:
"[The father's attorney:] So, how much per semester would you estimate that his non-covered fees relating to school, books, that sort of thing, would be?
"[The father:] It's approximately about eight hundred dollars. Some of it is taking care too because [the son] has a loan of which we took out. So it's a loan which we're paying. . . . "
There is no evidence regarding the amount of that loan.
The mother has married and has two minor children born of that marriage. The mother works at Regions Bank earning $8.65 per hour. The mother testified that she works about 45 hours per week and earns approximately $20,000 per year. The mother introduced her wage-withholding statement indicating that she earned $15,614.55 in 2006. The mother testified that she had previously worked at a CVS drug store earning between $23,000 and $25,000 annually, but she resigned because CVS required her to work extended hours that interfered with her family obligations. According to the mother's Child Support Obligation Income Statement/Affidavit form, she earns $1,301.21 per month. The mother introduced an exhibit itemizing her monthly expenses. Those expenses total $2,294.[3] The mother testified that her husband assists her in paying housing costs and utility expenses that total $899 a month. The mother also testified that she pays the remaining expenses itemized on the list.[4] Those expenses total $1,395 a month.[5]
The mother testified that she had recently begun to participate in her employer's 401(k) plan; that account has a value of $250. She also testified that she has an individual retirement account ("IRA") from her previous employer and that that IRA has a value of approximately $6,800. However, the father introduced a statement indicating that that IRA has a value of $7,143.19 as of December 29, 2006. Additionally, the mother's attorney stipulated that the mother had acquired $4,000 through the sale of certain stock and had offered that money as partial payment toward her child-support arrearage.
The juvenile court received evidence of the mother's relationship with the son. The mother testified that she had not seen the son in four years. She stated that her attempts to contact the son by telephone and by letter have been of no avail. She testified that she learned where the son was attending college through documents filed in the proceedings below. The father testified that he did not consult the mother before the son chose to enroll at MSU. However, he denied that the son does not have a relationship with the mother.
On appeal, the mother first argues that the juvenile court erred in awarding the father postminority educational support *422 because, she says, (1) the judgment fails to impose academic and temporal restrictions on the son's college education; (2) the judgment ordered the mother to pay one-half of a loan of an unknown amount; and (3) the judgment imposes an undue financial hardship upon her.
In Alabama, a court may award a custodial parent postminority educational support when that parent petitions for such support before his or her child reaches the age of majority. Ex parte Bayliss, 550 So.2d 986 (Ala.1989).[6] "Because the trial court received evidence ore tenus, we must presume its judgment is `correct unless it is so unsupported by the evidence that it is plainly and palpably wrong.' Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App.1990) (citing Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986))." Walker v. Walker, 917 So.2d 144, 147 (Ala.Civ. App.2005).
This court has previously stated:
"A parent has a legal duty to provide or aid in providing a college education for his/her child if the child demonstrates the ability and willingness to attain a higher education and the parent has sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself."
Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App.1990). Furthermore,
"[t]his court has held `that the trial court must set reasonable limitations on the parent's responsibility for postminority educational support, because the failure to do so may impose an undue hardship on the paying parent.' Hertzberg v. Gainey, 855 So.2d 561, 564 (Ala. Civ.App.2003) (citing Penney v. Penney, 785 So.2d 376 [(Ala.Civ.App.2000)]; Ullrich v. Ullrich, 736 So.2d 639, 643 (Ala.Civ.App.1999); and Kent v. Kent, 587 So.2d 409 (Ala.Civ.App.1991)). `These limitations include (1) limiting the support to a reasonable period, (2) requiring the child to maintain at least a `C' average, and (3) requiring that the child be enrolled as a full-time student.' Penney, 785 So.2d at 379."
Waddell v. Waddell, 904 So.2d 1275, 1280 (Ala.Civ.App.2004). Moreover,
"`without legal evidence as to the amounts required for books and tuition or for actual costs of room and board, we cannot determine whether the sums a parent is required to pay for postminority educational support would cause undue hardship. [Penney v. Penney, 785 So.2d 376 (Ala.Civ.App.2000)]; Thrasher v. Wilburn, 574 So.2d 839 (Ala. Civ.App.1990). . . . '"
McAlpine v. McAlpine, 865 So.2d 438, 443 (Ala.Civ.App.2002) (quoting Bowen v. Bowen, 817 So.2d 717, 718-19 (Ala.Civ.App. 2001)).
In the case now before us, the father testified that MSU waives his son's tuition because the father is employed at the university. However, the father stated that MSU charges for the son's remaining expenses. The only evidence of the son's actual expenses is the father's testimony establishing that $2,300 is the cost of the son's room and board. The father testified that $800 in unpaid expenses remain after credits given for the son's $2,000 grant. However, there is no evidence of the son's actual remaining expenses or evidence of how the $800 is apportioned among those remaining expenses. Furthermore, the father testified that he and the son had obtained a student loan. However, there *423 is no evidence of the amount of that loan and its remaining balance. Because there is insufficient legal evidence of the actual costs of books, fees, the student loan, and the son's other remaining expenses, this court cannot determine whether the award of postminority educational support imposes an undue hardship upon the mother. Therefore, we reverse the judgment and remand the cause for the juvenile court to receive additional evidence regarding the son's actual college expenses. See McAlpine, 865 So.2d at 443 (remanding the cause to the trial court to receive additional evidence of the child's actual postminority educational expenses). Additionally, we also conclude that the juvenile court erred by failing to impose reasonable temporal and academic limitations in its judgment. See Waddell, supra.
The mother also argues that the juvenile court erred in awarding the father $2,889 in an attorney's fee and $350 in travel expenses. This court has previously stated: "The award of attorney fees is within the sound discretion of the trial court and will not be reversed unless an abuse of discretion is shown." Volovecky v. Hoffman, 903 So.2d 844, 850 (Ala.Civ. App.2004). Because the father prevailed in his petition seeking to hold the mother in contempt for her failure to pay child support, we conclude that the juvenile court did not exceed its discretion in awarding the father an attorney's fee in the amount of $2,889. We also conclude that the juvenile court did not exceed its discretion in awarding the father, who lives in Maryland, travel expenses in the amount of $350. See Rigsby v. Akin, 498 So.2d 851, 852 (Ala.Civ.App.1986) (concluding that an award of travel expenses was not an abuse of discretion).
Last, the mother argues that the juvenile court erred in denying her motion to alter, amend, or vacate the judgement without affording her a hearing because, she says, her argument that the juvenile court erred in awarding the father postminority educational support had probable merit.
Our appellate courts have held that, subject to certain exceptions, a trial court errs when it fails to afford a party a hearing when requested in a postjudgment motion if that motion has probable merit. See Ex parte Evans, 875 So.2d 297, 299-300 (Ala. 2003); and Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989); see also Rule 59(g), Ala. R. Civ. P. Because the mother presented argument regarding the merits of the postminority-educational-support award on appeal and given this courts disposition of the merits of that claim, the mother's argument is moot.
In conclusion, we affirm the judgment insofar as it awards the father an attorney's fee and travel expenses, but we reverse the judgment insofar as it awards the father postminority educational support, and we remand the cause with instructions. The mother's and the father's requests for an attorney's fee on appeal are denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, J., concur.
MOORE, J., dissents, with writing, which THOMAS, J., joins.
MOORE, Judge, dissenting.
As noted in the main opinion, a trial court commits reversible error when it fails to grant a party's request for a hearing on a motion filed pursuant to Rule 59, Ala. R. Civ. P., if that motion has probable merit. See Ex parte Evans, 875 So.2d 297, 299-300 (Ala.2003); and Greene v. Thompson, *424 554 So.2d 376, 381 (Ala.1989). Because in this case the mother's postjudgment motion had probable merit, and because the mother requested a hearing on her motion, the trial court committed reversible error by not holding a hearing on that motion. I would therefore simply reverse the judgment for the trial court to hold a hearing on the mother's postjudgment motion.
THOMAS, J., concurs.
NOTES
[1] The evidence is unclear whether the costs of room and board is $2,300 for each academic year or for each semester.
[2] The evidence is unclear whether the son receives $2,000 in grants for each academic year.
[3] The mother's exhibit indicates that her monthly expenses total $2,094. However, the sum of the itemized expenses listed on the exhibit actually totals $2,294.
[4] The mother's nonhousing and nonutility expenses listed on her exhibit are as follows: $150 for automobile insurance; $130 for gasoline; $50 for automobile maintenance; $200 for health insurance; $500 for child care; $200 for groceries; $50 for costs associated with hair and nail care; $60 for clothing; and $55 for entertainment.
[5] Housing and utility expenses of $899 subtracted from total monthly expenses of $2,294 equals $1,395.
[6] The evidence established that the father petitioned for postminority educational support before the son reached the age of majority.